THEODORE K. GORD AND ELIZABETH V. GORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gord v. Commissioner
Docket No. 2072-82.
United States Tax Court
T.C. Memo 1984-517; 1984 Tax Ct. Memo LEXIS 158; 48 T.C.M. (CCH) 1253; T.C.M. (RIA) 84517; September 27, 1984. *158 Christopher R. Boutelle, for the petitioners. Thomas N. Tomashek and Hugh M. Spall, for the respondent. PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner Elizabeth V. Gord's 1977 Federal income tax of $22,765 and a deficiency in petitioners' 1978 Federal income tax of $90,892. The issue for decision is whether (or to what extent) the income of petitioner Elizabeth V. Gord, a Puyallup Indian, from the operation of a retail store on her trust land is exempt from Federal income taxes. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition in this case, petitioners Theodore K. Gord (Mr. Gord) and Elizabeth V. Gord (Mrs. Gord) were husband and wife and resided in Tacoma, Washington. Mr. Gord filed a separate U.S. Individual Income Tax Return (Form 1040) for 1977. Petitioners filed a joint U.S. Individual Income Tax Return (Form 1040) for 1978 with the Ogden Service Center in Ogden, Utah. Mrs. Gord is an enrolled *159 member of the Puyallup Indian Tribe; as such she is a noncompetent Indian in that the United States holds title to her land in trust for her and she cannot alienate or encumber that land without the consent of the United States. Mr. Gord is not an Indian. Respondent sent statutory notices of deficiency to petitioners by certified mail on November 25, 1981. All of the income determined by respondent in this case resulted from petitioners' operation of a retail store, the Thunderbird Smoke Shop, that sold cigarettes and other tobacco products and merchandise. Petitioners did not report the smoke shop income for Federal income tax purposes for 1977 and 1978. The Thunderbird Smoke Shop is located on 1.86 acres of land in Pierce County, Washington. Mrs. Gord purchased this property on September 20, 1976, from Beulah H. Myers, a non-Indian, for $30,500. Title to this property is held by the United States in trust for Mrs. Gord, pursuant to an Act of Congress dated June 18, 1934, the Indian Reorganization Act, 48 Stat. 984, 25 U.S.C. § 461 et seq. (1982). The fair rental value of this real property was $10,000 per year during 1977 and 1978. This *160 value is based upon rental of the property for use in the operation of a smoke shop or other similar commercial retail enterprise, which represents the highest and best use of the subject property. This value is not based upon its rental for use, in whole or in part, for any agricultural or mineral-related enterprise. Petitioners caused extensive improvements to be made to Mrs. Gord's trust land. These improvements included remodeling a store, constructing warehouses, building an office, and filling, levelling, and paving the remaining area. Petitioners do not contest the correctness of the amounts of taxable income determined by respondent in the notices of deficiency for 1977 and 1978, $49,777 and $153,690, respectively, or the characterization of these amounts as Mrs. Gord's separate income. However, petitioners contend that such income is not subject to Federal income tax. OPINION In addition to their untenable claim that all of Mrs. Gord's smokeshop income is exempt from Federal income tax, petitioners also rely upon Critzer v. United States,220 Ct. Cl. 43, 597 F. 2d 708 (1979), cert. denied 444 U.S. 920 (1979), to support their argument *161 that at least the portion of the smokeshop income allocable to Mrs. Gord's trust lands is exempt under Squire v. Capoeman,351 U.S. 1 (1956). Our recent Court reviewed opinion in Cross v. Commissioner, 83 T.C.     (filed September 27, 1984) is dispositive, resolving all these issues adversely to petitioners. * Accordingly, Decision will be entered for the respondent.
*162 Footnotes
*. While I still adhere to the views expressed in my dissenting opinion in Cross v. Commissioner, 83 T.C.     (filed September 27, 1984), I of course accept the majority opinion as the law in this Court. Consistent with the views expressed in that dissenting opinion, I think the fair rental value of Mrs. Gord's trust land is exempt from tax under Squire v. Capoeman,351 U.S. 1 (1956). The General Allotment Act of 1887, 24 Stat. 388, 25 U.S.C. sec. 331, et seq. (1982), under which the United States held title to Mr. Cross's trust land and the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461, et seq. (1982), under which the United States held title to Mrs. Gord's trust land, are part of a single scheme for purposes of applying the Squire v. Capoeman exemption. See United States v. Anderson,625 F. 2d 910, 913-914, n. 5 (9th Cir. 1980), cert. denied 450 U.S. 920 (1981) and Stevens v. Commissioner,452 F. 2d 741, 745-746 (9th Cir. 1971), affg. in part and revg. in part 52 T.C. 330 (1969), supplemental opinion 54 T.C. 351 (1970). See also Squire v. Capoeman,supra,351 U.S. at 3-4↩.